UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHELLE M. MARTINEZ,<br><br>            Defendant. | Case No. 15-cv-02806-EDL<br><br>**REPORT AND RECOMMENDATION TO REMAND; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REASSIGNING CASE**<br><br>Re: Dkt. Nos. 15-cv-02806-EDL |

On June 22, 2015, Defendant Michelle M. Martinez filed a Notice of Removal of the unlawful detainer case filed by Plaintiff JP Morgan Chase Bank against Defendant in Contra Costa County Superior Court as well as an Application to Proceed In Forma Pauperis. As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court grants Defendant's Application to Proceed In Forma Pauperis and recommends remanding this matter to state court.

Defendant's Application to Proceed In Forma Pauperis adequately alleges her poverty. Defendant is not employed, her monthly expenses appear to exceed her monthly income, and she has one dependent. She does not own a home, and does not have a bank account. She owns $50.00 in cash. Therefore, Defendant qualifies for In Forma Pauperis status, and her Application is granted.

However, the Court lacks subject matter jurisdiction in this case and the case should be remanded. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant bases her removal on federal question jurisdiction. See Notice of Removal ¶ 10. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 because the complaint, on its face, does not arise under federal law.

To the extent that removal is based on diversity jurisdiction, none exists. Pursuant to 28 U.S.C. section 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The complaint filed by Plaintiff alleges that Plaintiff is an "entity lawfully doing business in

1 California," and the Defendant "at all times . . . resided in the State of California;" thus, there is no
2 diversity.  Compl. ¶¶ 2-3.  Furthermore, the complaint alleges that the amount demanded is under
3 $10,000; thus there is an insufficient amount in controversy to establish diversity jurisdiction.
4 Because the case is not removable as a diversity action, remand is also appropriate on this ground.

Accordingly, the Court recommends remanding the case to the Contra Costa County Superior Court.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: June 30, 2015


ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHELLE M. MARTINEZ,<br><br>    Defendant. | Case No.  15-cv-02806-EDL<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2015, I SERVED a true and correct copy(ies) of the attached report & recommendation; order, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michelle M. Martinez
1308 Miner Avenue
San Pablo, CA 94806


Dated: June 30, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Stephen Ybarra, Deputy Clerk to the
Honorable ELIZABETH D. LAPORTE

4